IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAITLYN TOMASOVICH YOUMANS, | : | Civil No. 3:23-cv-2082 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN SCI-MUNCY, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Kaitlyn Youmans ("Petitioner"), an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Preliminary review reveals that the petition is subject to summary dismissal.

I. **Background**

According to Petitioner, she was convicted in the Court of Common Pleas of Schuylkill County, of theft of leased property. (Doc. 1, p. 2). On March 16, 2022, Petitioner was sentenced to a term of imprisonment of six to twenty-four months. (*Id.*; *see also Commonwealth v. Youmans*, No. CP-54-CR-0001379-2019, available at: https://ujsportal.pacourts.us/CaseSearch).

An electronic search *via* the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, of Petitioner's criminal docket, CP-54-CR-0001379-2019, confirms that Petitioner's criminal action is pending in the Court of Common Pleas of Schuylkill County, and she has not yet filed a Motion for Post Conviction Collateral Relief ("PCRA Petition"), pursuant to 42 PA. CONS. STAT. § 9541, *et seq.*, in state court.[1] Petitioner most recently filed a motion for modification of sentence and motion for injunctive relief in state court.

II. **Discussion**

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). This section specifically provides that the person must be in custody pursuant to the

---

[1] Although Petitioner claims she filed a PCRA petition in state court and has not yet received a ruling on the petition, it is clear from the state court docket that a PCRA petition has not yet been filed.

judgment of a state court. *See* 28 U.S.C. § 2254(a). It is apparent from the instant petition that although Petitioner has been convicted and sentenced, she has relief available in the state court.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic docket sheet, and the contents of the petition, that Petitioner is involved in ongoing criminal proceedings which implicate important state interests. Because there is presently relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

### III.   **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

4

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, there is no basis for the issuance of a certificate of appealability.

## IV.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed without prejudice. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December ___, 2023